State v. Peters.

THE STATE, Respondent, v. PETERS *et al.*, Appellants.

1. When a slave is cruelly or inhumanly abused by a person who does not
   have such slave in his employment or under his charge, power or control,
   resort can not be had, in the punishment of such an offence, to an indict-
   ment founded on the forty-eighth section of the eighth article of the act
   concerning crimes and punishments. (R. C. 1855, p. 634.)

*Appeal from St. Louis Criminal Court.*

The facts sufficiently appear in the opinion of the court.
*Kribben*, for appellants.
*Mauro*, (circuit attorney,) and *Carroll*, for the State.

SCOTT, Judge, delivered the opinion of the court.

This indictment is founded on the forty-eighth section of
the eighth article of the act concerning crimes and their pun-
ishments, which enacts that every person who shall cruelly

or inhumanly torture, beat, wound or abuse any slave in his employment or under his charge, power or control, whether belonging to himself or another, shall, on conviction, be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment. The indictment charges that Lewis Peters, Mary Peters and John Peters, on the 12th September, 1857, in St. Louis county, a certain slave, the property of and in the employment of the said Lewis Peters, with a goad and whip, which they, the said Lewis Peters, Mary Peters and John Peters, then and there in their right hand had and held, the said slave aforesaid then and there did cruelly and inhumanly torture, beat and abuse. A *nolle prosequi* was entered as to Lewis Peters, and Emily and Ludwig Peters were convicted and fined and imprisoned.

The law above cited was enacted in pursuance to a provision of our state constitution, which enjoined it as a duty on the general assembly to pass such laws as may be necessary to oblige the owners of slaves to treat them with humanity and to abstain from all injuries to them extending to life or limb. As the constitution and law recognized the relation of master and slave, the law was intended to prevent abuses of that relation, and hence those only are punished who inhumanly abuse a slave who is their property or in their employment. When slaves are cruelly used by those who do not bear to them the relation of master or quasi master, such offences stand on the same ground as when white persons cruelly use each other.

The slave alleged to be cruelly abused is charged in the indictment to have been the property of and in the employment of Lewis Peters. Now Lewis Peters was discharged from the prosecution. Then, as the slave was not alleged to have been the property of or in the employment of the other persons indicted, they could not be convicted under the indictment, as it did not appear that they had abused the relation of master and slave. Their offence was the same as if it had been committed on any other persons. It is needless

to inquire whether they might not have been accessories. In misdemeanors, all who assist in committing an offence are principals; and the indictment shows that they could not be principals, as they did not bear the relation of master to the slave. If they could have been charged as accessories, the indictment fails to do it. Nor is it necessary to inquire whether a wife may be indicted for cruelly abusing a slave belonging to or in the employment of her husband, as it does not appear from the indictment that Emilie Peters was the wife of Lewis Peters.

It will not be required of us, in this view of the case, to determine whether the indictment on its face does not show that the offence could not have been committed, as it is not easy for three to hold a whip and goad and seriously injure another, or whether there may be a "right hand" common to three people. Judgment reversed.